IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIAL CHASE KENNEDY,

          Petitioner/defendant,

   v.

UNITED STATES OF AMERICA,

          Respondent/plaintiff.

Case No. 6:13-cr-00030-AA
OPINION AND ORDER

―――――――――――――――――――――――

Danial Chase Kennedy
74804-065 CANAAN
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 300
Waymart, Pennsylvania 18472
    Pro se petitioner

Billy J. Williams
Interim United States Attorney
Frank R. Papagni, Jr.
Assistant United States Attorney
405 E. Eighth Avenue, Suite 2400
Eugene, Oregon 97401
    Attorneys for respondent

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner Danial Kennedy moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's motion is denied and this case is dismissed.

## BACKGROUND

On July 10, 2013, petitioner entered into a plea agreement with the United States Attorney's Office, pleading guilty to Felon in Possession of a Firearm, Felon in Possession of a Stolen Firearm, and Armed Career Criminal. See generally Plea Agmt. This agreement specified:

> Mr. Kennedy agrees that if he is sentenced to a term of imprisonment of not more than 188 months, that he intelligently, knowingly and voluntarily gives up and waives [a]ny and all rights to collaterally attack any aspect of his conviction and sentence including . . . but not limited to motions under 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel.

Id. at 4. Petitioner affirmed that his plea was entered knowingly and voluntarily. See generally Plea Pet. & Order. He was ultimately sentenced to 180 months in prison.

## STANDARD

A criminal defendant "claiming the right to be released [based on ineffective assistance of counsel] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. To establish ineffective assistance of counsel, the criminal defendant must show that: (1) counsel's representation was objectively unreasonable; and (2) "the deficient performance

Page 2 - OPINION AND ORDER

prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

## DISCUSSION

Petitioner argues that he was not an Armed Career Criminal because "only one [of his previous felony convictions resulted in] over a year of imprisonment," such that his attorney provided constitutionally deficient representation by erroneously permitting him to be sentenced with that enhancement. Mot. to Vacate 6-7.

To qualify as an Armed Career Criminal, a defendant must have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). The phrase "violent felony" is defined, in pertinent part, as "any crime punishable by imprisonment for a term exceeding one year." <u>Id.</u> "Serious drug offense" means a crime with "a maximum term of imprisonment of ten years or more." <u>Id.</u> In examining whether a particular crime constitutes a "violent felony" or "serious drug offense," the "actual sentence imposed on an individual for a prior conviction, or the actual sentence that potentially could have been imposed based upon the particular facts of that person's case, is not the relevant inquiry." <u>United States v. Murillo</u>, 422 F.3d 1152, 1154 (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1119 (2006) (citation and internal quotations omitted). Rather, the court "look[s] to the maximum penalty allowed by law in determining whether a prior

conviction constitutes an aggravated felony" for the purposes of 18 U.S.C. § 924(e). Id. at 1154-55 (citation and internal quotations omitted).

Initially, because his plea was knowing and voluntary, petitioner waived his right to appeal his status as a Armed Career Criminal. United States v. Cope, 527 F.3d 944, 949 (9th Cir.), cert. denied, 555 U.S. 933 (2008) (citations omitted). Furthermore, petitioner's convictions for Fleeing or Attempting to Elude a Police Officer, Coercion, and Robbery in the Third Degree, in 2011, 2008, and 2007, respectively, are "violent felonies" within the meaning of 18 U.S.C. § 924(e). Plea Agmt. 1-2; see also Or. Rev. Stat. §§ 161.605(3), 163.275(2), 164.395(2), 811.540 (Fleeing or Attempting to Elude a Police Officer, Coercion, and Robbery in the Third Degree are Class C felonies punishable by a maximum prison sentence of five years). Likewise, his previous convictions for Unlawful Delivery of Methamphetamine and Unlawful Delivery of a Controlled Substance qualify as "serious drug offenses." Plea Agmt. 1-2; see also Or. Rev. Stat. §§ 161.605(2), 475.840(b), 475.890(2) (Unlawful Delivery of Methamphetamine and Unlawful Delivery of a Controlled Substance are Class B felonies punishable by a maximum prison sentence of ten years).

Because petitioner's prior convictions met the statutory maximums necessary to qualify as predicate offenses under 18 U.S.C. § 924(e), his attorney correctly assessed, and this Court

Page 4 - OPINION AND ORDER

appropriately imposed, the mandatory minimum sentence of 15 years. See <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 672 (9th Cir.), <u>cert. denied</u>, 537 U.S. 939 (2002) ("[i]f either [<u>Strickland</u>] prong is not met, [the court] must dismiss the claim"). Therefore, petitioner was properly convicted as an Armed Career Criminal despite the fact that he received sentences of one year or less in relation to all but one of his previous felony convictions.

**CONCLUSION**

Petitioner's motion to vacate, set aside, or correct his sentence (doc. 40) is DENIED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this _22ⁿᵈ_ day of April 2015.

_____
Ann Aiken
United State District Judge

Page 5 - OPINION AND ORDER